IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Lewis T. Babcock**

Civil Action No. 15-cv-01383-LTB


DANTE OWENS,

      Applicant,

v.

WARDEN, Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

ORDER TO DISMISS IN PART
AND FOR ANSWER
AND TO PROVIDE STATE COURT RECORD

---

## I.  Background

      Applicant currently is in the custody of the Colorado Department of Corrections

and is incarcerated at the Fremont Facility in Ordway, Colorado.   Applicant, acting *pro*

*se*, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254,

ECF No.1, challenging the conviction and sentence in State of Colorado Criminal Case

No. 98CR2729.   In an order entered on August 3, 2015, Magistrate Judge Gordon P.

Gallagher directed Respondents to file a Pre-Answer Response limited to addressing the

affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state

court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or

both of those affirmative defenses in this action.

1

Respondents filed their Pre-Answer Response, ECF No. 13, on September 28, 2015, and Applicant filed a Reply, ECF No. 19, on October 19, 2015.

Applicant raises six claims.   The claims are as follows:

(1)   Denial of a Sixth Amendment right to a public trial;

(2)   Denial of due process rights when prejudicial evidence and hearsay were admitted and an expert witness was disallowed;

(3)   Denial of a Sixth Amendment right to an impartial jury;

(4)   Denial of a Sixth Amendment right to effective assistance of counsel, when trial counsel;

     i.   Failed to conduct pretrial investigations sufficient to discover and present viable exculpatory evidence regarding

          a.   DNA found on a cigarette,

          b.   Alibi witnesses, and

          c.   A letter sent by the only surviving victim;

     ii.   Failed to allow Applicant access to discovery materials;

     iii.   Failed to provide Applicant with sufficient information to make an informed decision to testify; and

     iv.   Created an antagonistic "association" between the trial court and defense;

(5)   Denial of Sixth Amendment rights when counsel was prohibited from participating in a live line-up; and

(6)[1]   Denial of effective assistance of appellate counsel when on direct appeal counsel;

---

[1]   Applicant misnumbered the claims in the Application; he inadvertently numbered the last claim as number seven instead of number six.   The Court, therefore, construes Claim Seven as Claim Six.

i.      Failed to raise the improper denial of challenges for cause during voir dire;

ii.     Failed to raise prosecutorial misconduct issue;

iii.    Failed to raise *Batson* issue;

iv.    Failed to raise improper admission of irrelevant and sympathetic character evidence;

v.     Failed to raise improper selection of the petit jury based on exclusion of a distinct group of persons; and

vi.    Failed to raise denial of counsel at live line-up.

Application, ECF No. 1, at 7-10.

## II.  Analysis

The Court must construe liberally the Application, because Applicant is not represented by an attorney.   *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not act as an advocate for a *pro se* litigant.   *See Hall*, 935 F.2d at 1110.

Respondents concede the action is timely and Claim One, Claim Two, as described by Respondents, and Claim Three are exhausted.   Respondents also concede that four of the subclaims in Claim Four are exhausted; but they contend that two of the subclaims, (1) failure to provide sufficient information for Applicant to decide whether to testify; and (2) creation of an antagonistic association between defense and the trial court, are not exhausted.   Respondents further contend that Claim Five and Claim Six, including all subclaims, are not exhausted because *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), does not provide a basis for cause and prejudice in support of a default

waiver.   The Court will discuss the exhaustion issue in Claims Four, Five, and Six below.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.   *See Castille v. People*, 489 U.S. 346, 351 (1989).   Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.   *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).   A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.   *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."   *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).   A state prisoner bringing a federal

4

habeas corpus action bears the burden of showing that he has exhausted all available state remedies.   *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Furthermore, with limited exceptions that are not applicable to this claim, the Colorado Rules of Criminal Procedure bar Applicant from raising a claim in a postconviction motion that could have been raised on direct appeal, or that was already raised on postconviction appeal.   See Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that postconviction review is not available to address under a recently contrived constitutional theory issues that were raised previously).

If it is obvious that an unexhausted claim would be procedurally barred in state court the claim is subject to an anticipatory procedural bar, *see Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007) (citation omitted), and is procedurally barred from federal habeas review, *Steele v. Young*, 11 F.3d 1518,1524 (10th Cir. 1993) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

A federal court, however, may proceed to the merits of a procedurally defaulted habeas claim if the applicant establishes either cause for default and actual prejudice or fundamental miscarriage of justice when the merits of a claim are not reached.   *See Demarest v. Price*, 130 F.3d 922, 941 (10th Cir. 1997).   Applicant's *pro se* status does not exempt him from the requirement of demonstrating cause for the default and actual

prejudice or failure as a result of the alleged violation of federal law or demonstrating that failure to consider the claims will result in a fundamental miscarriage of justice.   *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Applicant must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.   *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).   "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]."   *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).   Ineffective assistance of counsel may establish cause excusing a procedural default.   *Jackson*, 143 F.3d at 1319. Nonetheless, habeas petitioners have no constitutional right to postconviction counsel in the first instance and inadequate performance by counsel does not normally excuse procedural default.   *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

To show prejudice, an applicant must demonstrate that he suffered "actual prejudice as a result of the alleged violation of federal law."   *Coleman*, 501 U.S. at 750.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."   *Murray*, 477 U.S. at 496.   A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare."   *Schlup v. Delo*, 513 U.S. 298, 324 (1995).   A fundamental miscarriage of justice provides only "a narrow exception to the cause requirement where a constitutional violation has probably resulted in the conviction of one

who is actually innocent of the substantive offense." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) (citations and internal quotation marks omitted).

To demonstrate a fundamental miscarriage of justice, Applicant first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324.   Applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327.

In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a postconviction proceeding, then the absence of postconviction counsel, or ineffective assistance of post-conviction counsel, in the postconviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel.   *Id.* at 1318.

*Martinez,* however, was clear about what it did not hold.   *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012).   "[I]n no uncertain terms . . . '[t]he rule of Coleman governs in all but the limited circumstances recognized here.' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1320).   "Martinez applies only to "a prisoner's procedural default of a claim of ineffective assistance at trial . . . .' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1315) (emphasis added).

Here, in Claim Six, Applicant is challenging appellate counsel's failure to present on direct appeal the six enumerated subclaims.   The failure of appellate counsel to raise

on direct appeal the subclaims stated in Claim Six does not serve as cause for default based on *Martinez*. *Id.*

Furthermore, nothing Applicant asserts in his Application and Reply alleges actual innocence as defined above.   As a result, because Applicant cannot meet either the cause and prejudice based on *Martinez* or the actual innocence exceptions, Claim Six will be dismissed as procedurally defaulted and barred from federal habeas review.

With respect to Claim Four, all six subclaims were raised in Applicant's Colo. R. Crim. P. 35(c) postconviction motion, four of which were addressed by the trial court; but only subclaims i.(a), (b), and (c), and ii. were presented in Applicant's Rule 35(c) opening brief on appeal.   *See* ECF No. 19 at ; ECF No. 13-12 at 9-13.   A comparison of the trial court's order denying Applicant's Rule 35(c) and the opening brief indicates that the portions of the trial court order that were quoted in the opening brief did not include the trial court's disposition regarding Applicant's decision to testify and the antagonistic association between the court, nor were these claims referenced by counsel in the brief. ECF No. 13-12 at 11.   Therefore, Applicant did present all of the six subclaims identified in Claim Four to the trial court in his Rule 35(c) postconviction motion, but did not raise subclaims iii. and iv. on appeal.

Subclaims iii. and iv. in Claim Four, therefore, are unexhausted.   The claims further are clearly anticipatorily defaulted.   *Anderson*, 476 F.3d at 1139 n.7.   Finally, the narrow exception set forth in *Martinez* does not apply to these two subclaims because the claims were raised in the Rule 35(c) postconviction motion and were addressed by the state court.   The failure of appellate counsel to raise the subclaims in Applicant's Rule

35(c) appeal does not serve as cause for default under *Martinez*.  *See Martinez,* 132 S.
Ct. at 1320 (The *Martinez*, exception "does not extend to attorney errors in any
proceeding beyond the first occasion the State allows a prisoner to raise a claim of
ineffective assistance at trial.")

Furthermore, nothing Applicant asserts in his Application and Reply alleges actual
innocence as defined above.   As a result, because Applicant cannot meet either the
cause and prejudice based on *Martinez* or actual innocence exceptions, subclaims iii. and
iv. of Claim Four will be dismissed as procedurally defaulted and barred from federal
habeas review.

Finally, Claim Five is not presented to this Court as an ineffective assistance of
counsel claim.   ECF No. 1 at 10.   In fact, Applicant asserts that his "counsel was
prohibited from participating" in the live line-up.   *Id.*   Applicant asks for the first time in
his Reply that the Court "read into" his claim that he was stating it was ineffective
assistance of trial counsel for failing to challenge the line-up.   ECF No. 19 at 6.
Applicant, however, raised six ineffective assistance of trial counsel subclaims in Claim
Four but did not include the facts in Claim Five as the basis for trial counsel's alleged
ineffectiveness.

Because there is no "hint of an ineffective assistance of counsel claim" pertaining
to Claim Five in the Application, the Court will not reach Applicant's attempt to raise such
a claim for the first time in the Reply.   *See Windsor v. Patton*, 623 F. App'x 943, 947 (10th
Cir. 2015) (citing *United States v. Sanchez*, 446 F. App'x 149, 150 (10th Cir. 2100);
*Thompkins v. McKune*, 433 F. App'x 652, 659 (10th Cir. 2011).   This claim, therefore, is

unexhausted, clearly anticipatorily defaulted, and not within the narrow exception provided for in *Martinez.*   Nothing Applicant asserts in his Application and Reply alleges actual innocence as defined above.   As a result, because Applicant cannot meet either the cause and prejudice or actual innocence exceptions, Claim Five will be dismissed as procedurally defaulted and barred from federal habeas review.

## III.   Conclusion

Accordingly, it is

ORDERED that Subclaims iii. and iv. of Claim Four, Claim Five, and Claim Six are dismissed with prejudice as procedurally defaulted in state court and barred from federal habeas review.   It is

ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of Claims One, Two, Three, and subclaims i.(a), (b), and (c), ii., and iii. of Claim Four.   It is

FURTHER ORDERED that within thirty days of Respondents filing an answer Applicant may file a reply if he desires.   It is

FURTHER ORDERED that, within thirty days from the date of this Order, the Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Arapahoe County District Court case number 98CR2729, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.

10

FURTHER ORDERED that the Clerk of the Court is directed to send copies of this

Order to the following:

(1)     Clerk of the Court
        Arapahoe County District Court
        7325 S. Potomac St.
        Centennial, Colorado 80112; and

(2)     Office of the State Court Administrator
        CPR Unit Manager
        1300 Broadway
        Suite 1200
        Denver, CO 80203.

DATED:   March 2, 2016, at Denver.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court